UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE CO.,<br><br>  Plaintiff,<br><br>  v.<br><br>DREXTEL AMY, et al.,<br><br>  Defendants. | No. 14 CV 6202<br><br>Judge Manish S. Shah |

## ORDER

Plaintiff's motion to quash expert discovery [79] is denied. The court finds, however, that FDIC-R's expert disclosure is untimely. The discovery and briefing schedule on the summary judgment motion remains as previously set. However, because of FDIC-R's untimely disclosure, Travelers may depose FDIC-R's expert any time prior to 7/31/15. FDIC-R shall bear the cost of the expert's deposition transcript for Travelers's use in its reply in support of its summary judgment motion. In addition, Travelers may submit a rebuttal expert report in connection with its reply, but FDIC-R will not be permitted to depose Travelers's expert (nor will FDIC-R be permitted any sur-reply in the event Travelers offers expert evidence in its summary judgment reply).

## STATEMENT

Travelers moves to bar FDIC-R's expert evidence in opposition to Travelers's motion for summary judgment on the basis of untimely disclosure and irrelevance (particularly in light of the burden and expense associated with contesting late-disclosed expert testimony). FDIC-R responds by saying that it disclosed its expert as promptly as it could and that expert opinion on industry custom and usage can be admissible when interpreting ambiguous contract language.

I agree with Travelers that FDIC-R's expert disclosure is not timely. All discovery was supposed to be noticed in time for completion by June 29, and FDIC-R's disclosure was not made in time for expert discovery to be completed by that date. I suspect FDIC-R knew that it would oppose Travelers's summary judgment by relying on industry custom evidence, and I doubt that FDIC-R expected the deposition of Travelers's witness to resolve the issue. That said, I agree with FDIC-R that striking the expert is premature. The expert's testimony may very well

be irrelevant if the language of the contract is unambiguous. And even if I conclude the contract language is ambiguous, the expert may not shed any useful light on how the language applies to the facts of this case. That issue can be resolved when I rule on the summary judgment motion, and the better course would be to address the expert's value on the merits.

The late disclosure complicates the summary judgment plan because Travelers is entitled to depose FDIC-R's expert, yet there is little time left in the discovery schedule. In order to give Travelers an adequate opportunity to address FDIC-R's expert evidence, and because FDIC-R's disclosure was untimely, Travelers may depose the expert after the close of discovery date. (Of course, Travelers may decide that a deposition is unnecessary.) If Travelers wants to depose FDIC-R's expert, FDIC-R must make the expert available in advance of the due date for Travelers's reply brief and FDIC-R must bear the cost of the deposition transcript for Travelers's use. In addition, Travelers may submit its own expert report in support of its reply, but FDIC-R is not permitted to depose Travelers's expert. No sur-reply from FDIC-R will be permitted.

ENTER:

Date: 06/18/15

Manish S. Shah
U.S. District Judge